UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| CHUKWUMA E. AZUBUKO and<br>PRECIOUS OKEREKE<br><br>    Plaintiffs<br><br>v.<br><br>DEDHAM MASSACHUSETTS<br>POLICE COMMISSIONER<br>and PARKWAY TOWING,<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)  Civil No. 06-152-B-W<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### *DECISION RECOMMENDING DENIAL OF IN FORMA PAUPERIS MOTION AND SUMMARY DISMISSAL OF COMPLAINT*

Chukwuma Azubuko has filed a civil action naming "The Massachusetts Town of Dedham Commissioner of Police and the Owner of Parkway Towing" as defendants. He has also filed a motion for leave to proceed in forma pauperis (Docket No. 2). Azubuko lists Precious Okereke as a co-plaintiff but Okereke has neither signed the complaint nor signed the motion to proceed without payment of the filing fee.

Azubuko has been granted limited leave to proceed in forma pauperis in that his case has been accepted for filing and has been placed upon the docket. His motion does establish that he does not have the means to pay the filing fee. As with two other recent actions brought by Azubuko in this court,[1] I recommend that the court deny Azubuko's

---

[1] This is the third civil action filed in this court by Azubuko in the last six weeks. In his first case filed in this court, assigned to Judge Singal, Azubuko named The United States Court of Appeals for the Eleventh Circuit as his defendant and set out nine counts pertaining to the Eleventh Circuit's 'wrongful' dismissal of cases filed with that court by Azubuko. (Compl., Civ. No. 180-P-S, Docket No. 1.) I recommended summary dismissal of that action (Civ. No. 180-P-S, Docket No. 2), and Azubuko objected

motion to proceed any further in forma pauperis and summarily dismiss this complaint. In his current complaint Azubuko seems to be seeking remedy for a traffic stop of Precious Okereke in Dedham, Massachusetts, and the subsequent towing of the car she was driving which was co-owned by Azubuko.  It appears that this incident occurred on April 28, 2005.  Azubuko claims that the police officer involved in the stop was informed that the "so-called expiration of insurance and registration were before the United States' District Court – District of Massachusetts." (Compl. at 2.)  Azubuko claims that the officer was grossly negligent (id. at 2, 3) and that the citations that were issued were nullified and "the fine, glory was quashed and dismissed" (id. at 2).[2]  Along with charges

---

arguing, "Superlative and superfluous bases existed constitutionally, statutorily and procedurally for the Court's exercise of majestic and mercurial bases jurisdiction" (Nov. 11, 2006, Obj. at 2, Docket No. 5). Judge Singal affirmed (Nov. 11, 2006, Order, Docket No. 7) and denied a motion for reconsideration (Nov. 11, 2006, Order, Docket No. 10).

    In his next action filed in this court, assigned to Judge Hornby, Azubuko named Judge Joel Pisano as his sole defendant.  I recommended denial of the motion to proceed in forma pauperis and summary dismissal, explaining:

> Azubuko's complaint against District Court Judge Pisano, of the District of New Jersey, commences with the sentence: "Consciously, the subject matter was straight from the shoulders or extraordinarily justifiable vis-à-vis the brilliant law of the United States," and closes with the observation: "Unexaggeratedly, proactive measures should dwarf reactionary ones, because it never epitomized modicum of intelligence, in any shape or form.  Indeed, 'When the nose is in trouble, the eye is in trouble too.'"  The text that comes between this beginning and that end is in a similar vein.  To this complaint Azubuko attaches a copy of a "Bar Order" issued by District Court Judge Pisano in an action filed by Azubuko against Judge Rya W. Zobel, Magistrate Judge Docia L. Dalby, The Boston's Public Schools, Magistrate Judge Leo T. Sorokin, and the Chief-in-Staff-United States Marshals.  The protested order, in short, bars and enjoins Azubuko's filing of any document or pleading of any kind with the court as a pro se plaintiff unless Azubuko first seeks leave of the court and a judge of the court grants this leave.
>
>     After reviewing the seven counts set forth in his complaint against Judge Pisano, I recommend that this complaint should be dismissed as frivolous.  See 28 U.S.C. § 1915(e)(2)(B)(i).

(Oct. 31, 2006, Rec. Dec. at 1-2, Civ. No. 06-184-P-H, Docket No.3.)  In that decision I noted that a cursory search on the U.S. Party/Case Index turned up 140 federal, primarily civil, cases to which "Chukwuma Azubuko" was/is a party.  Without attempting to pin down a moving target, that number has risen since that recommendation entered.  Over Azubuko's objection -- in which he claimed that if the proposed disposition "came to fruition" it "would be bottomlessly unconstitutional, Guantanamoistic and Osamaistic" Civ. (Nov. 11, 2006, Obj. at 1,No. 06-184-P-H, Docket No. 4) -- that recommendation was affirmed. (Civ. No. 06-184-P-H, Docket No. 5.)

[2]    The complaint also seems to allege that their insurer deprived them of due process and violated the Uniform Commercial Code in cancelling their policy but the plaintiffs have not named the insurer as a defendant in this action.

of negligence and abuse of discretion, Azubuko's complaint suggests that there was a violation of his equal protection rights and his right to be free from malicious prosecution/deprivation of "liberty of contracts." (Id. at 4-5.) There are other allegations and characterizations of legal rights in this complaint that fall even less coherently into the confines of identifiable claims.

I recommend that this complaint be dismissed because it fails to state a claim for which this court can grant relief,[3] see 28 U.S.C. § 1915(e)(2)(B)(ii), and because, when placed in the context of Azubuko's prior filings in this court and his serial filings in other federal forums, it appears to be a frivolous action, see id. 28 U.S.C. § 1915(e)(2)(B)(i), the latest in a sequence of multi-District filings by Azubuko in an attempt to secure a cost-free federal forum for an array of discontents.[4]

With regards to Okereke's participation in this action, if Okereke wishes to pursue this action Okereke would need to file a complaint and motion to proceed which includes Okereke's own signature by no later than December 18, 2006. I caution that should Okereke decide to proceed with this complaint a recommendation similar to the present one would issue once the complaint as it pertains to Okereke was properly before the court. As it currently stands there is no action on the docket pertaining to Okereke and if the court accepts my recommendation the entire matter will be dismissed.

## NOTICE

---

[3] With respect to the potential for federal subject matter jurisdiction see 28 U.S.C. § 1331, if Azubuko's allegations do adequately plead such a claim, it is evident that the parties are all from Massachusetts and that the District of Maine would not have venue over these claims, see Fed. R. Civ. P. 12(b)(3). Apropos federal diversity jurisdiction, see 28 U.S.C. § 1332, there is no diversity of citizenship on the face of the complaint.

[4] Because this is a recommended decision, Azubuko has an opportunity to respond to this sua sponte disposition before it becomes final. See Griffiths v. Amtrak, No. 03-1591, 2004 WL 1754043, *1 (1st Cir. Aug. 6, 2004) (not selected for publication)

       A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

       Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

December 8, 2006.

                                        /s/ Margaret J. Kravchuk
                                        U.S. Magistrate Judge