UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHUKWUMA E. AZUBUKO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:06-cv-00152-JAW |
| ) | |
| DEDHAM MASSACHUSETTS ) | |
| POLICE COMMISSIONER, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION FOR THREE JUDGE COURT**

Following the Court's June 7, 2011 Order denying Mr. Azubuko's motion to amend judgment (Docket # 12), Mr. Azubuko filed a motion for reconsideration, which the Court denied and a motion for an order to establish reasons for the Court's denial of his Rule 60 motion, both which the Court also denied. *Pl.'s Mot. for Recons. of Rule 60 Mot.* (Docket # 13); *Order Denying Pl.'s Mot. for Recons.* (Docket # 14); *Pl.'s Mot. for the Ct. to Establish Reason/s for Denial of Rule 60 Mot.* (Docket # 15); *Order* (Docket # 16). Mr. Azubuko now moves for a three-judge court purportedly pursuant to 28 U.S.C. § 2284. *Pl.'s Mot. for Three-Judge Court [28 U.S.C. Section 2284]* (Docket # 17). By doing so, Mr. Azubuko has filed a frivolous pleading that warrants, together with his cumulative actions in this case, a *Cok* warning. *See Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 1993).

To explain, on December 6, 2006, Mr. Azubuko, then a Boston Massachusetts resident, filed a complaint in this District against the Dedham Massachusetts Police

Commissioner and an unnamed owner of Parkway Towing relating to an incident that Mr. Azubuko alleged took place in Dedham Massachusetts. *Compl.* (Docket # 1). There was no good reason for Mr. Azubuko to file a cause of action in the District of Maine by a Massachusetts resident against a Massachusetts Police Department and presumably a Massachusetts business owner over an incident that took place in Massachusetts. There was no alleged connection whatsoever with the state of Maine. On December 6, 2006, the Court explained to Mr. Azubuko that the District of Maine did not have venue over this claim and wondered whether the Maine filing was precipitated by his "serial filings in other federal forums" and an attempt to secure "a cost-free federal forum for an array of discontents." *Decision Recommending Denial of* <u>In Forma Pauperis</u> at 3, 3 n.3 (Docket # 3). Over Mr. Azubuko's objection, the Court affirmed the Recommended Decision on December 28, 2006. *Order Affirming the Recommended Decision of the Magistrate Judge* (Docket # 5).

On January 8, 2007, Mr. Azubuko appealed to the First Circuit Court of Appeals. *Notice of Appeal* (Docket # 7). On August 5, 2008, the appellate court issued a short order, summarily affirming the Court's dismissal and declaring Mr. Azubuko's complaint "frivolous":

> After carefully reviewing the brief filed by appellant Chukwuma E. Azubuko and the record, we affirm the judgment of the district court for essentially the reasons stated by the magistrate judge in her recommended decision (which the district judge adopted). In particular, it is plain that the only reason that appellant filed the case in the Maine district court was to avoid the restrictions that had been placed upon him by the federal district court in Massachusetts, and such a filing therefore was frivolous.

2

*J.* at 1 (Docket # 10).

This matter went dormant for over two and a half years. On June 16, 2011, Mr. Azubuko attempted to stir things up. He filed the first of a series of motions, demanding reconsideration of the earlier decisions. *Pl.'s Mot. for Recons. of Rule 60 Mot.* The Court denied the motion, noting that he had failed to meet the standard for reconsideration under Rule 60 and reminding him that the District of Maine did not have jurisdiction over his claim and that venue in Maine was not appropriate. *Order Denying Pl.'s Mot. for Recons.* On June 23, 2011, Mr. Azubuko filed a motion for the Court to establish reasons for denial of his Rule 60 motion. *Pl.'s Mot. for the Ct. to Establish Reason/s for Denial of Rule 60 Mot.* The Court denied the motion. *Order*.

Undeterred, Mr. Azubuko filed on June 29, 2011 a motion for a three-judge court under 28 U.S.C. § 2282. *Pl.'s Mot. for Three-Judge Court [28 U.S.C. § 2284]*. Mr. Azubuko has no conceivable right to a three-judge court in this case and the Court denies his motion. Moreover, his motion is a patently frivolous filing in a case the First Circuit itself declared frivolous. Mr. Azubuko's repeated filing of meritless motions in a meritless case has cluttered this Court's docket, diverted its attention from its constitutional duties, delayed the resolution of truly meritorious disputes, and hampered the administration of justice. In accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d at 35, the Court places Mr. Azubuko on notice that "filing restrictions may be in the offing in response to groundless litigation." This is the "cautionary order" of which *Cok* speaks. *Id.* "Groundless and inappropriate

filings will not be tolerated." *D'Amario v. United States*, 251 F.R.D. 63, 64 (D. Me. 2008).

The Court DENIES Chukwuma E. Azubuko's Motion for Three-Judge Court [28 U.S.C. Section 2284] (Docket # 17).

SO ORDERED.

                                                <u>/s/ John A. Woodcock, Jr.</u>
                                                JOHN A. WOODCOCK, JR.
                                                CHIEF UNITED STATES DISTRICT JUDGE

Dated this 30th day of June, 2011